Electronically Filed - Franklin County - January 18, 2021 - 12:17 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

| | |
|---|---|
| JOSEPHINE BURE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRIBUTION SOLUTIONS, INC, ) | |
| **Serve**: **CT Corporation System,** ) | |
| **Registered Agent** ) | |
| **120 S. Central Avenue** ) | Cause No: |
| **Clayton, MO 63105** ) | |
| ) | Division |
| and ) | |
| ) | |
| RAE ANNA NAIL, ) | |
| **Serve**: **Rae Anna Nail** ) | |
| **2727 Malvern Avenue** ) | |
| **Hot Springs National Park, AR 71901** ) | |
| ) | |
| Defendants. ) | |

## PETITION

COMES NOW Plaintiff Josephine Bure ("Plaintiff"), by and through undersigned counsel, and for her cause of action against Defendants Distribution Solutions, Inc. ("Defendant DSI") and Rae Anna Nail ("Defendant Nail"), alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff is an individual resident of St. Louis County, Missouri.

2. Defendant DSI is a corporation registered to do business and doing business in the State of Missouri, with a registered agent located in the State of Missouri for the purpose of accepting service of process.

3. Defendant Nail is an individual who, at the time of the incident at issue, was operating a motor vehicle on the roads and highways of the State of Missouri.

EXHIBIT A

Electronically Filed - Franklin County - January 18, 2021 - 12:17 PM

4. The Court has jurisdiction in this matter because the defendants, as alleged in more detail below, committed the torts at issue in the State of Missouri through the operation of a motor vehicle on the roads and highways of the State of Missouri.

5. Venue is proper in this Court pursuant to §508.010, RSMo., because this petition alleges a tort, and Plaintiff was first injured in Franklin County, Missouri, where the incident at issue occurred, as alleged in more detail below.

6. On October 22, 2018, Plaintiff was operating her motor vehicle in an easterly direction in one of the two eastbound lanes of IS-44, at or near its intersection with St. Louis Inn Road in Franklin County, Missouri.

7. At the same time, Defendant DSI, by and through its agent, servant, employee, and driver, Defendant Nail, was operating a commercial freightliner motor vehicle, traveling in an easterly direction in the second eastbound lane of IS-44 next to Plaintiff.

8. At that time, Defendant DSI, by and through its agent, servant, employee, and driver, Defendant Nail, merged into the lane where Plaintiff was operating her motor vehicle, causing the commercial freightliner motor vehicle operated by Defendant Nail to strike Plaintiff's motor vehicle, thereby sending Plaintiff's motor vehicle spinning into the concrete median separating the east- and westbound lanes of IS-44.

9. The aforesaid collisions caused Plaintiff to jar, jerk, and jolt in such an unusual, unexpected, violent, and extraordinary manner that Plaintiff was thrown in, around, and about her motor vehicle, causing Plaintiff great physical injuries.

10. At all relevant times, Defendant Nail was acting within the scope and course of her employment with Defendant DSI.

EXHIBIT A

## COUNT I
## (NEGLIGENCE AGAINST DEFENDANT DSI)

11. Plaintiff incorporates the allegations stated in paragraphs 1 through 10 as if fully restated in this paragraph.

12. Defendant DSI, by and through its employee and agent Defendant Nail, owed a duty to exercise the highest degree of care and to operate its vehicle safely and in conformance with all applicable laws and rules governing motor vehicle and motor carrier transportation safety.

13. Defendant DSI, by and through its employee and agent Defendant Nail, breached the duties it owed and was careless and negligent in one or more of the following respects:

   a. Defendant DSI carelessly and negligently failed and omitted to exercise the highest degree of care to keep a careful lookout ahead and laterally to discover the motor vehicle being operated by Plaintiff;

   b. Defendant DSI failed to maintain its lane and merged into the lane where Plaintiff was operating her motor vehicle without first making sure it was safe to do so and without yielding the right of way to Plaintiff;

   c. Defendant DSI carelessly and negligently failed and omitted to stop, slacken speed, turn, or swerve its motor vehicle so to avoid the collision with Plaintiff's motor vehicle, despite the fact that Defendant DSI could have done so and thereby avoided the collision;

   d. Defendant DSI operated its motor vehicle at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the prevailing circumstances and conditions;

   e. Defendant DSI carelessly and negligently failed and omitted to use its blinkers or sound its horn to give warning of its approach, movement, turn, or proximity of its motor vehicle prior to the collision; and/or

   f. Defendant DSI otherwise carelessly and negligently attempted to change lanes when it was not safe to do so.

14. As a direct and proximate result of the carelessness and negligence of Defendant DSI, Defendant DSI's vehicle struck Plaintiff's vehicle and caused Plaintiff's vehicle to then strike the concrete median.

**EXHIBIT A**

15.     As a direct and proximate result of the carelessness and negligence of Defendant DSI and the resulting collisions, Plaintiff suffered the following damages:

   a.   Plaintiff sustained injuries to her head (including a traumatic brain injury and concussive and post-concussive symptoms), spine (including the neck and back), right shoulder, left SI joint, mouth, and eyes that required, require, and will in the future continue to require medical care and treatment;

   b.   The parts of Plaintiff's body identified above have been, are, and will in the future continue to be limited, impaired, and diminished because the injuries Plaintiff suffered are permanent and progressive;

   c.   Plaintiff suffered, suffers, and will in the future continue to suffer physical pain and mental anguish as a result of the injuries to the body parts identified above;

   d.   Plaintiff suffered, suffers, and will in the future continue to suffer a loss of enjoyment of life as a result of the injuries to the body parts listed above and the resulting permanent and progressive pain and limitations; and

   e.   Plaintiff has incurred medical expenses for medicines, doctors, radiographic imaging, medical institutions, physical therapy, prescriptions, surgeries, and other treatment and care, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE Plaintiff Josephine Bure respectfully prays for judgment against Defendant Distribution Solutions, Inc. in an amount in excess of $25,000.00 that is fair and reasonable, for post-judgment interest, for her costs incurred herein, and for such other and further relief as the Court deems just and proper under the above-stated facts.

## COUNT II
### (NEGLIGENCE AGAINST DEFENDANT NAIL)

16.     Plaintiff incorporates the allegations stated in paragraphs 1 through 15 as if fully restated in this paragraph.

**EXHIBIT A**

17. Defendant Nail owed a duty to exercise the highest degree of care and to operate her vehicle safely and in conformance with all applicable laws and rules governing motor vehicle and motor carrier transportation safety.

18. Defendant Nail breached the duties she owed and was careless and negligent in one or more of the following respects:

    a. Defendant Nail carelessly and negligently failed and omitted to exercise the highest degree of care to keep a careful lookout ahead and laterally to discover the motor vehicle being operated by Plaintiff;

    b. Defendant Nail failed to maintain her lane and merged into the lane where Plaintiff was operating her motor vehicle without first making sure it was safe to do so and without yielding the right of way to Plaintiff;

    c. Defendant Nail carelessly and negligently failed and omitted to stop, slacken speed, turn, or swerve her motor vehicle so to avoid the collision with Plaintiff's motor vehicle, despite the fact that Defendant Nail could have done so and thereby avoided the collision;

    d. Defendant Nail operated her motor vehicle at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the prevailing circumstances and conditions;

    e. Defendant Nail carelessly and negligently failed and omitted to use her blinkers or sound her horn to give warning of her approach, movement, turn, or the proximity of her motor vehicle prior to the collision; and/or

    f. Defendant Nail otherwise carelessly and negligently attempted to change lanes when it was not safe to do so.

19. As a direct and proximate result of the carelessness and negligence of Defendant Nail, Defendant Nail's vehicle struck Plaintiff's vehicle and caused Plaintiff's vehicle to then strike the concrete median.

20. As a direct and proximate result of the carelessness and negligence of Defendant Nail and the resulting collisions, Plaintiff suffered the following damages:

    a. Plaintiff sustained injuries to her head (including a traumatic brain injury and concussive and post-concussive symptoms), spine (including the neck and back), right shoulder, left SI joint, mouth, and eyes that required,

Electronically Filed - Franklin County - January 18, 2021 - 12:17 PM

   require, and will in the future continue to require medical care and treatment;

b. The parts of Plaintiff's body identified above have been, are, and will in the future continue to be limited, impaired, and diminished because the injuries Plaintiff suffered are permanent and progressive;

c. Plaintiff suffered, suffers, and will in the future continue to suffer physical pain and mental anguish as a result of the injuries to the body parts identified above;

d. Plaintiff suffered, suffers, and will in the future continue to suffer a loss of enjoyment of life as a result of the injuries to the body parts listed above and the resulting permanent and progressive pain and limitations; and

e. Plaintiff has incurred medical expenses for medicines, doctors, radiographic imaging, medical institutions, physical therapy, prescriptions, surgeries, and other treatment and care, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

  WHEREFORE Plaintiff Josephine Bure respectfully prays for judgment against Defendant Rae Anna Nail in an amount in excess of $25,000.00 that is fair and reasonable, for post-judgment interest, for her costs incurred herein, and for such other and further relief as the Court deems just and proper under the above-stated facts.

               COFMAN TOWNSLEY, LLP

          BY: */s/ Todd R. Nissenholtz*
               Todd R. Nissenholtz, #55049
               200 S. Hanley Road, Suite 1070
               St. Louis, Missouri 63105
               314.621.2005
               314.621.3118 (facsimile)
               tn@cofrmantownsley.com

               *Attorneys for Plaintiff*

EXHIBIT A

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

| | |
|---|---|
| JOSEPHINE BURE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No: |
| ) | |
| DISTRIBUTION SOLUTIONS, INC and RAE ) | Division |
| ANNA NAIL, ) | |
| ) | |
| Defendants. ) | |

**REQUEST TO ISSUE SUMMONSES AND
APPOINTMENT OF SPECIAL PROCESS SERVERS**

COMES NOW Plaintiff and respectfully requests that the Clerk of Court issue a summons directed to Defendant Distribution Solutions, Inc. via its registered agent, CT Corporation Systems, at 120 S. Central Avenue, Clayton, Missouri 63105, and to Defendant Rae Anna Nail at 2727 Malvern Avenue, Hot Springs National Park, Arkansas 71901.

Plaintiff further requests the appointment of Rhonda Fletcher with ABC Legal, 633 Yesler Way, Seattle, Washington (501-620-3156) to serve as special process server in the above-styled matter for purpose of serving the summons and petition on Defendant Rae Anna Nail at 2727 Malvern Avenue, Hot Springs National Park, Arkansas 71901. Plaintiff also requests the appointment of Mark Smith, 2300 West Port Plaza Drive, Ste. 102, St. Louis, Missouri 63146 (314-469-5555) to serve as special process server in the above-styled matter for purpose of serving the summons and petition on Defendant Distribution Solutions, Inc. via its registered agent, CT Corporation Systems, at 120 S. Central Avenue, Clayton, Missouri 63105.

Electronically Filed - Franklin County - January 18, 2021 - 12:17 PM

EXHIBIT A

                          COFMAN TOWNSLEY, LLP

BY:    /s/ *Todd R. Nissenholtz*

         Todd R. Nissenholtz    #55049
         200 S. Hanley Road, Suite 1070
         St. Louis, Missouri 63105
         314.621.2005
         314.621.3118 (facsimile)
         tn@cofrmantownsley.com

         *Attorneys for Plaintiff*

SO ORDERED: _____        DATE: _____
                Clerk of Court

EXHIBIT A

Electronically Filed - Franklin County - January 18, 2021 - 12:17 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

| | |
|---|---|
| JOSEPHINE BURE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No: |
| ) | |
| DISTRIBUTION SOLUTIONS, INC and RAE ) | Division |
| ANNA NAIL, ) | |
| ) | |
| Defendants. ) | |

**REQUEST TO ISSUE SUMMONSES AND
APPOINTMENT OF SPECIAL PROCESS SERVERS**

COMES NOW Plaintiff and respectfully requests that the Clerk of Court issue a summons directed to Defendant Distribution Solutions, Inc. via its registered agent, CT Corporation Systems, at 120 S. Central Avenue, Clayton, Missouri 63105, and to Defendant Rae Anna Nail at 2727 Malvern Avenue, Hot Springs National Park, Arkansas 71901.

Plaintiff further requests the appointment of Rhonda Fletcher with ABC Legal, 633 Yesler Way, Seattle, Washington (501-620-3156) to serve as special process server in the above-styled matter for purpose of serving the summons and petition on Defendant Rae Anna Nail at 2727 Malvern Avenue, Hot Springs National Park, Arkansas 71901. Plaintiff also requests the appointment of Mark Smith, 2300 West Port Plaza Drive, Ste. 102, St. Louis, Missouri 63146 (314-469-5555) to serve as special process server in the above-styled matter for purpose of serving the summons and petition on Defendant Distribution Solutions, Inc. via its registered agent, CT Corporation Systems, at 120 S. Central Avenue, Clayton, Missouri 63105.



APPROVED
*Bill D. Miller*
CIRCUIT CLERK
1/20/2021

EXHIBIT A

2

          COFMAN TOWNSLEY, LLP


      BY: <u>/s/ *Todd R. Nissenholtz*</u>

         Todd R. Nissenholtz #55049
         200 S. Hanley Road, Suite 1070
         St. Louis, Missouri 63105
         314.621.2005
         314.621.3118 (facsimile)
         tn@cofrmantownsley.com

         *Attorneys for Plaintiff*


SO ORDERED: _____    DATE: _____
      Clerk of Court

2

EXHIBIT A



# IN THE 20TH JUDICIAL CIRCUIT, FRANKLIN COUNTY, MISSOURI

| Judge or Division:<br>CRAIG E HELLMANN | Case Number: 21AB-CC00013 |
|---|---|
| Plaintiff/Petitioner:<br>JOSEPHINE BURE | Plaintiff's/Petitioner's Attorney/Address:<br>TODD R NISSENHOLTZ<br>COFMAN TOWNSLEY LLP<br>200 S HANLEY RD<br>STE 1070<br>CLAYTON, MO 63105-3496 |
| vs. | |
| Defendant/Respondent:<br>RAE ANNA NAIL | Court Address:<br>401 E. MAIN STREET<br>UNION, MO 63084 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

*(Date File Stamp)*

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: RAE ANNA NAIL
Alias:
2727 MALVERN AVENUE
HOT SPRINGS NTL PARK, AR 71901

**SPECIAL PROCESS SERVER**

COURT SEAL OF FRANKLIN COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

01-20-2021     _Bill D. Miller_     by: bjb, Deputy Clerk
Date                Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees**
Summons    $ _____
Non Est    $ _____
Mileage    $ _____ (_____ miles @ $ _____ per mile)
Total      $ _____

See the following page for directions to officer making return on service of summons.

OSCA (07-18) SM60 (SMOS) *For Court Use Only*: Document ID# 21-SMOS-2     1 of 2   (21AB-CC00013)     Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

EXHIBIT A

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

OSCA (07-18) SM60 (SMOS) *For Court Use Only*: **Document ID# 21-SMOS-2**   2 of 2   **(21AB-CC00013)**   Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

EXHIBIT A



# IN THE 20TH JUDICIAL CIRCUIT, FRANKLIN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: <br> CRAIG E HELLMANN | Case Number: 21AB-CC00013 |
| Plaintiff/Petitioner: <br> JOSEPHINE BURE <br><br> vs. | Plaintiff's/Petitioner's Attorney/Address <br> TODD R NISSENHOLTZ <br> COFMAN TOWNSLEY LLP <br> 200 S HANLEY RD <br> STE 1070 <br> CLAYTON, MO  63105-3496 |
| Defendant/Respondent: <br> RAE ANNA NAIL | Court Address: <br> 401 E. MAIN STREET <br> UNION, MO  63084 |
| Nature of Suit: <br> CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** DISTRIBUTION SOLUTIONS INC
Alias:
120 S CENTRAL AVE
CLAYTON, MO  63105

**SPECIAL PROCESS SERVER**

COURT SEAL OF FRANKLIN COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-20-2021                  Bill D. Miller              by: bjb, Deputy Clerk
Date                             Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____   _____
                         Date               Notary Public

**Sheriff's Fees, if applicable**
Summons                                   $_____
Non Est                                   $_____
Sheriff's Deputy Salary
Supplemental Surcharge                    $   10.00
Mileage                                   $_____ (_____ miles @ $._____ per mile)
**Total**                                 $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

EXHIBIT A

## AFFIDAVIT OF RETURN OF SERVICE

COUNTY OF ST. LOUIS )         RE    JOSEPHINE BURE  v.
                                    RAE ANNA NAIL
                                    Circuit Court-Franklin County
                                    State of Missouri
                                    Case No. 21AB-CC00013

Mark B. Smith of Markell & Associates, Inc., being duly sworn upon his oath, states that he is over the age of 18 years; that he is a disinterested party to this action; that he served a copy of the attached Summons and Petition on defendant Distribution Solutions, Inc. c/o CT Corporation System, Registered Agent, by personal service on Amanda Brandon, Designee, at 120 S. Central Ave., Clayton, Missouri 63105 on February 3, 2021, 11:58 a.m.

MARKELL & ASSOCIATES, INC.

**Mark B. Smith**

Private Investigator
State of Missouri
**License #2010019303**

Private Detective
State of Illinois
**License #115.001875**

Subscribed to and sworn before me, a Notary Public on this 5th of February, 2021.

**Notary Public**

KERRY STOCHL
My Commission Expires
March 20, 2021
Franklin County
Commission #13497041

**EXHIBIT A**



# IN THE 20TH JUDICIAL CIRCUIT, FRANKLIN COUNTY, MISSOURI

| Judge or Division:<br>CRAIG E HELLMANN | Case Number: 21AB-CC00013 |
|---|---|
| Plaintiff/Petitioner:<br>JOSEPHINE BURE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TODD R NISSENHOLTZ<br>COFMAN TOWNSLEY LLP<br>200 S HANLEY RD<br>STE 1070<br>CLAYTON, MO  63105-3496 |
| Defendant/Respondent:<br>RAE ANNA NAIL | Court Address:<br>401 E. MAIN STREET<br>UNION, MO  63084 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** DISTRIBUTION SOLUTIONS INC
**Alias:**
120 S CENTRAL AVE
CLAYTON, MO 63105

**SPECIAL PROCESS SERVER**

**COURT SEAL OF FRANKLIN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-20-2021                         Bill D. Miller                         by: bjb, Deputy Clerk
Date                                     Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                           _____
Printed Name of Sheriff or Server       Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____                  _____
                        Date                          Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $____10.00____
Mileage              $_____ (_____ miles @ $._____ per mile)
Total                $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 21-SMCC-39        1 of 1        Civil Procedure Form No. 1; Rules 54.01 – 54.05,
                                                                                              54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**EXHIBIT A**