UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPHINE BURE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00234-SRC |
| | ) | |
| DISTRIBUTION SOLUTIONS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**<u>Memorandum and Order</u>**

Josephine Bure claims that truck-driver Rae Anna Nail negligently crashed into her on

the highway, and that Distribution Solutions, the trucking company for whom Nail worked, as

well as Tyson Foods, whose chicken products Nail hauled, bear vicarious liability for Nail's

negligence.  Tyson moves for summary judgment, arguing that the undisputed facts show that

Tyson and Nail did not maintain a principal-agent relationship; thus, no theory of vicarious

liability permits Bure to hold Tyson liable for the crash.  Bure elected not to respond to Tyson's

motion, and the Court concludes that the undisputed facts entitle Tyson to summary judgment.

**I.      Background**

Bure originally filed this case in state court against defendants Distribution Solutions and

Nail, alleging that Nail negligently crashed into Bure and that, because Nail was employed by

Distribution Solutions, it was vicariously liable for Nail's negligence.  Doc. 10.  Several months

after Distribution Solutions and Nail removed the case to this Court, Doc. 1, Bure filed an

amended complaint joining Tyson as a defendant, Doc. 28.  The amended complaint added a

negligence count against Tyson, *id.* at ¶¶ 19–23, and alleges that, "at all relevant times,

Defendant Nail was also an agent of Defendant Tyson and was operating the motor vehicle at

issue within the course and scope of her agency with Defendant Tyson," *id.* at ¶ 13.  Tyson now

moves for summary judgment, arguing that the undisputed facts demonstrate that Nail was not its

agent.  Docs. 57, 58.

Despite the Court's extending Bure's time to respond to Tyson's motion for summary

judgment, Bure did not respond to the motion.  Doc. 69.  Because Bure does not oppose Tyson's

motion for summary judgment and does not specifically controvert the facts Tyson sets out in its

statement of uncontroverted material facts, Doc. 59, the Court deems the following facts

admitted and "treat[s] the motion as submitted." *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir.

1997); E.D. Mo. L.R. 4.01(E) ("All matters set forth in the moving party's Statement of

Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment

unless specifically controverted by the opposing party.").

A car accident involving Bure and truck-driver Nail happened on October 22, 2018.  Doc.

59 at ¶ 1.  While Nail transported Tyson products at the time of the accident, Tyson did not

control the route Nail took to deliver Tyson's products, had no right to fire Nail, had no right to

control or direct Nail's conduct, and had no power of control to enforce orders regarding the

manner of performance.  Doc. 59 at ¶¶ 2, 4–7; Doc. 59-2 at p. 57:10–24; Doc. 58 at p. 4.

Distribution Solutions leased the tractor-trailer involved in the accident from MKI Leasing, and

neither Distribution Solutions nor Nail leased the tractor-trailer from Tyson.  Doc. 59 at ¶¶ 8–12.

Tyson, likewise, did not lease the tractor-trailer from Distribution Solutions.  *Id.* at ¶¶ 13–14.

Tyson did not supply equipment, instrumentalities, or tools for Nail's use and provided no

payment to Nail for her time or services as a truck driver.  *Id.* at ¶¶ 15–16.

Moreover, Nail was a regular, full-time employee of Distribution Solutions, which

operated as a business at the time of the accident, and her work was part of the regular business

of Distribution Solutions. *Id.* at ¶¶ 17–19, 30. At the time of the accident, Distribution Solutions was an independent contractor for Tyson, and Distribution Solutions employed Nail to fulfill Distribution Solutions' duties as an independent contractor for Tyson. *Id.* at ¶¶ 20–21. Nail was not an employee or agent of Tyson, and neither Distribution Solutions nor Nail had a belief that a master and servant relationship existed between Tyson and Nail. *Id.* at ¶¶ 22–25. Neither Distribution Solutions nor Nail was a party to a partnership agreement or joint venture with Tyson. *Id.* at ¶¶ 26–29.

## II.      Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim." *Interstate Power Co. v. Kansas City Power & Light, Co.*, 992 F.2d 804, 807 (8th Cir. 1993). In ruling on a motion for summary judgment, even if unopposed, the Court must view the evidence in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *See AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(a).

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(c)

"mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.    Discussion

As mentioned, Bure attempts to hold Tyson vicariously liable for Nail's alleged

negligence on a respondeat-superior theory.  Doc. 28 at ¶¶ 19–23.  "[A]n employer is liable

under the theory of *respondeat superior* for damages attributable to the misconduct of an

employee or agent acting within the course and scope of the employment or agency."  *McHaffie*

*v. Bunch*, 891 S.W.2d 822, 825 (Mo. 1995) (citing *Burks v. Leap*, 413 S.W.2d 258, 266 (Mo.

1967)).  However, employers generally do not bear vicarious liability for the acts of their

independent contractors.  *Kaplan v. U.S. Bank, N.A.*, 166 S.W.3d 60, 66 (Mo. Ct. App. 2003).

Whether an individual is an agent or an independent contractor is a question of fact, but when the

facts are undisputed and "only one reasonable conclusion can be drawn" from the facts, the

question can be decided as a matter of law.  *Huggins v. FedEx Ground Package Sys. Inc.*, 592

F.3d 853, 857 (8th Cir. 2010) (applying Missouri law).

The Court considers many factors to distinguish between agents and independent

contractors, including:

> (a) the extent of control which, by the agreement, the master may exercise over the
> details of the work; (b) whether or not the one employed is engaged in a distinct
> occupation or business; (c) the kind of occupation with reference to whether, in the
> locality, the work is usually done under the direction of the employer or by a
> specialist without supervision; (d) the skill required in the particular occupation; (e)
> whether the employer or the workman supplies the instrumentalities, tools, and the
> place of work for the person doing the work; (f) the length of time for which the
> person is employed; (g) the method of payment, whether by the time or by the job;
> (h) whether or not the work is a part of the regular business of the employer; (i)

4

whether or not the parties believe they are creating the relation of master and servant; and (j) whether the principal is or is not in business.

*Keller v. Mo. Baptist Hosp. of Sullivan*, 800 S.W.2d 35, 38 (Mo. Ct. App. 1990) (quoting *Restatement (Second) of Agency*, § 220(2) (1958)).  The first factor, the right to control, is the "pivotal factor."  *Leach v. Bd. of Police Comm'rs of Kansas City*, 118 S.W.3d 646, 649 (Mo. Ct. App. 2003).  "If there is no right to control, there is no liability because no master-servant relationship exists."  *Hougland v. Pulitzer Pub. Co.*, 939 S.W.2d 31, 33 (Mo. Ct. App. 1997) (citing *Wilson v. St. Louis Area Council, Boy Scouts*, 845 S.W.2d 568, 570 (Mo. Ct. App. 1992)).  While Bure alleged "[u]pon information and belief, at all relevant times, Defendant Nail was also an agent of Defendant Tyson and was operating the motor vehicle at issue within the course and scope of her agency with Defendant Tyson," Doc. 28 at ¶ 13, the undisputed facts before the Court support "only one reasonable conclusion"—that Nail was an independent contractor for Tyson, not its agent.

While Nail transported Tyson products at the time of the accident, Tyson did not control the route Nail took to deliver Tyson's products, had no right to fire Nail, had no right to control or direct Nail's conduct, and had no power of control to enforce orders regarding the manner of performance.  Doc. 59. at ¶¶ 2, 4–7; Doc. 59-2 at p. 57:10–24; Doc. 58 at p. 4.  Tyson did not supply equipment, instrumentalities, or tools for Nail's use and provided no payment to Nail for her time or services as a truck driver.  Doc. 59 at ¶¶ 15–16.

Moreover, Nail was a regular, full-time employee of Distribution Solutions, which operated as a business at the time of the accident, and her work was part of the regular business of Distribution Solutions.  *Id.* at ¶¶ 17–19, 30.  At the time of the accident, Distribution Solutions was an independent contractor for Tyson, and Distribution Solutions employed Nail to fulfill Distribution Solutions' duties as an independent contractor for Tyson.  *Id.* at ¶¶ 20–21.  Neither

5

Distribution Solutions nor Nail was party to a partnership agreement or joint venture with Tyson.
*Id.* at ¶¶ 26–29.  Importantly, Nail was not an employee or agent of Tyson, and neither
Distribution Solutions nor Nail had a belief that a master and servant relationship existed
between Tyson and Nail.  *Id.* at ¶¶ 22–25.

Applying these undisputed facts to the factors set out in the *Restatement*, *see Keller*, 800
S.W.2d at 38, the Court finds that Tyson had no right to control Nail and that Nail was an
independent contractor for Tyson.  Thus, Bure's vicarious-liability claim against Tyson fails as a
matter of law.  *See Hougland*, 939 S.W.2d at 33 ("If there is no right to control, there is no
liability because no master-servant relationship exists.").

## IV.    Conclusion

In sum, the undisputed facts show that no principal-agent relationship existed between
Nail and Tyson; thus, Bure cannot hold Tyson Foods vicariously liable for Nail's alleged
negligence.  The Court grants Tyson's [57] motion for summary judgment on Count 2 of Bure's
amended complaint and directs the Clerk to terminate Tyson Foods, Inc. as a party to this suit.

So Ordered this 12th day of April 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

6